UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID L. TURNER, | ) | 3:12CV0863 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE JEFFREY HELMICK |
| v. | ) | (Mag. Judge Kenneth S. McHargh) |
| | ) | |
| ED SHELDON, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | <u>RECOMMENDATION</u> |

McHARGH, MAG. JUDGE

The petitioner David L. Turner ("Turner") has filed a petition pro se for a writ of habeas corpus, under 28 U.S.C. § 2254, regarding his 2010 conviction in the Allen County (Ohio) Court of Common Pleas for aggravated robbery, with specifications, and other crimes. (Doc. 1.)

The respondent filed a Return of Writ (doc. 11), and Turner filed a Traverse (doc. 13).

In his petition, Turner sets forth four grounds for relief:

1. The trial court [erred] in denying Defendant's Motion to Dismiss under "Speedy Trial" in violation of [Sixth and Fourteenth Amendments].

2. Criminal trial held on a Legal Holiday, a nullity in violation of 6th [Amendment] "Public Trial" [and] 14th [Amendment].

3. Arrest warrant & Complaint [fatally] flawed lack state seal & [endorsement] in violation [of] 4th, 5th, 6th & 14th [Amendments].

4. "Void Judgment" grand miscarriage of constitutional justice in violation [of] 4th, 5th, 6th & 14th [Amendments].

(Doc. 1, § 12.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual and procedural background:

> On June 4, 2009, Officer John Butler filed a criminal complaint in the Lima Municipal Court against Turner for an armed robbery of a local convenience store that occurred on June 3, 2009. (Docket Entry No. 1). On June 4, 2010, Officer W.S. Patterson received an arrest warrant for Turner. (Docket Entry No. 2). Turner was arrested by Officer Patterson on August 6, 2010. Id.
>
> In September 2010, the Allen County Grand Jury indicted Turner on Count One: aggravated robbery in violation of R.C. 2911.01(A)(1), with a firearm specification as listed in R.C. 2941.145(A), and with a specification that he is a repeat offender, as defined in R.C. 2929.01(CC) and as listed in R.C. 2941.149(A), a felony of the first degree; Count Two: abduction in violation of R.C. 2905.02(A)(2), a felony of the third degree; and, Count Three: having a weapon while under disability in violation of R.C. 2923.13(A)(2), a felony of the third degree.
>
> On November 1, 2010, Turner filed a motion to dismiss the indictment based on his statutory right to a speedy trial. Turner maintained that he was arrested on August 3, 2010. Turner argued that the scheduled trial date of November 2, 2010 fell outside the two hundred seventy day period provided in R.C. 2945.71(C)(2), and that pursuant to R.C. 2945.73(B) he should be discharged. That same day, the trial court filed its judgment entry denying Turner's motion to dismiss on three alternate grounds. First, the trial court found that Turner was arrested on August 6, 2010, a fact which placed the November 2, 2010 trial date within the two hundred seventy day period provided in R.C. 2945.71(C)(2). Second, the trial court found that had Turner been arrested on August 3, 2010, the November 2, 2010 trial date still fell

within the two hundred seventy day period provided in R.C. 2945.71(C)(2). Last, the trial court found that even if the November 2, 2010 trial date fell outside the two hundred seventy day period provided in R.C. 2945.71(C)(2), the statutory time period had been extended by virtue of Turner's requests for discovery and a bill of particulars as well as his motion for a bifurcated trial.

On November 2, 2010, the matter proceeded to a jury trial. The jury returned verdicts of guilty on all counts in the indictment.

On December 13, 2010, the matter proceeded to sentencing. The trial court sentenced Turner to a ten-year prison term on Count One, a five-year prison term on Count Two, and a five-year prison term on Count Three. The trial court ordered Counts One, Two, and Three to be served consecutively for a total prison term of twenty years. The trial court further ordered Turner to pay $2,500.00 in restitution to Christopher Nutt, the victim of the armed robbery.

(Doc. 11, RX 19, at 2-4; State v. Turner, No. 1-11-01, 2011 WL 3841925, at *1 (Ohio Ct. App. Aug. 29, 2011).)

Turner filed a timely appeal of his conviction, raising pro se three assignments of error. The court will summarize[1] his claims as:

1. The trial court erred in denying the defendant-appellant's motion to dismiss on grounds that his statutory right to a speedy trial was violated under Ohio Rev. Code § 2945.71 et seq.

2. Defendant-appellant was denied a "fair trial" in violation of the Sixth Amendment, the Fifth Amendment's Due Process Clause, and the Fourteenth Amendment's Equal Protection Clause, as well as in violation of the Ohio Constitution, because his trial was held on Nov. 2, 2010, Election Day, which was a legal holiday, rendering his trial null and void.

---

[1] Turner has proceeded pro se throughout. For clarity, the court will edit the language of his filings in state court.

3

>    3.  An insufficient arrest warrant and complaint was produced by Deputy John Butler, which was not endorsed with a state seal, nor attested to by a notary.

(Doc. 11, RX 15.)  The court of appeals affirmed the judgment of the trial court.

(Doc. 11, RX 19; Turner, 2011 WL 3841925.)

Turner appealed the decision pro se to the Supreme Court of Ohio, setting forth the following propositions of law:

>    1.  The appellate court's decision to disregard its duty to comply with Ohio's speedy trial statutes.
>
>    2. Appellate court affirmed trial court's holding a criminal trial on a holiday in violation of statute.
>
>    3. Fatally flawed arrest warrant and complaint deprived the trial court of its subject matter jurisdiction.

(Doc. 11, RX 21.)  On Jan. 18, 2012, the state high court denied leave to appeal, and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 11, RX 22; State v. Turner, 131 Ohio St.3d 1412, 959 N.E.2d 1056 (2012).)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-413 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Turner has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519

(1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

Several of the grounds put forward by Turner allege violations of the Ohio Constitution or state law. The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of Ohio law is not properly before this court. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

### III. PROCEDURAL DEFAULT

#### A. Grounds One and Four

The respondent contends that the first and fourth grounds of the petition were not fairly presented to the state courts, because the claims were never raised as federal constitutional issues before the Ohio courts. (Doc. 11, at 10-13.)

A habeas claim may be procedurally defaulted in two distinct ways. First, by failing to comply with state procedural rules. Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)). Second, by failing to raise a claim in state court, and to pursue the claim through

6

the state's ordinary review process. Williams, 460 F.3d at 806 (citing O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999)). Here, Turner's claims would be procedurally defaulted if he failed to fairly present each claim as a matter of federal law to the state courts. Mason v. Brunsman, No. 09–3939, 2012 WL 1913965, at *6 (6th Cir. May 29, 2012), cert. denied, 133 S.Ct. 447 (2012) (quoting Stanford v. Parker, 266 F.3d 442, 451 (6th Cir. 2001). The respondent argues that Turner's claims were not properly exhausted in state court.

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)). To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)). Where the petitioner failed to present a claim in state court, a habeas court may deem that claim procedurally defaulted because the Ohio state courts would no longer entertain the claim. Adams v. Bradshaw, 484 F.Supp.2d 753, 769 (N.D. Ohio 2007) (citing Buell, 274 F.3d at 349).

1. Ground One

The respondent states that Turner presented the first ground (speedy trial violation) to the state courts as a violation of the Ohio statute, not as a federal constitutional violation. (Doc. 11, at 10.)

On direct appeal, Turner argued that the issue presented was that his statutory right to a speedy trial under Ohio Rev. Code § 2945.71 was violated, "which violated Appellant's Sixth Amendment right of the United State[s] Constitution and Article I, § 10 of the Ohio Constitution." (Doc. 11, RX 15, at 1.) He later noted that the right to a speedy trial is guaranteed by the Sixth Amendment. (Doc. 11, RX 15, at 2.) Although Turner focused for the most part on Ohio's statutory requirements, he argued that the trial court's allegedly faulty application of those requirements resulted in a violation of his federal (as well as Ohio) constitutional rights to a speedy trial. (Doc. 11, RX 15, at 5.)

The state court of appeals recognized that both the federal and Ohio Constitutions guarantee a criminal defendant the right to a speedy trial. (Doc. 11, RX 19, at 5; Turner, 2011 WL 3841925, at *2.) However, the court simply applied state statutory law, and found that "Turner's statutory right to a speedy trial was not violated." (Doc. 11, RX 19, at 7; Turner, 2011 WL 3841925, at *3.)

On appeal to the Supreme Court of Ohio, Turner contended that the appellate court's ruling was in violation of the Sixth Amendment to the United States Constitution (as well as the Ohio Constitution). (Doc. 11, RX 21, at 1.) The

bulk of his argument, nevertheless, addressed the Ohio speedy trial statute. (Doc. 11, RX 21, at 4-5.)

This court does not have jurisdiction to consider a federal claim in a habeas petition which was not fairly presented to the state courts. Baldwin v. Reese, 541 U.S. 27 (2004); Jacobs v. Mohr, 265 F.3d 407, 415 (6th Cir. 2001). The Sixth Circuit has stated:

> A claim may only be considered "fairly presented" if the petitioner asserted both the factual and legal basis for his claim to the state courts. This court has noted four actions a defendant can take which are significant to the determination whether a claim has been "fairly presented": (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000), cert. denied, 532 U.S. 958 (2001) (citing Franklin v. Rose, 811 F.2d 322, 325-326 (6th Cir. 1987)). See also Hicks v. Straub, 377 F.3d 538, 552-554 (6th Cir. 2004), cert. denied, 544 U.S. 928 (2005). To "fairly present" the claim to the state courts, a habeas petitioner must present his claim as a federal constitutional issue, not as an issue arising solely under state law. Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).

Although Turner, representing himself pro se, did not present the most eloquent case for a Sixth Amendment speedy trial violation, he repeatedly raised his speedy trial right as founded in the Sixth Amendment of the U.S. Constitution; see, e.g., doc. 11, RX 15, at 1, 2, 5; doc. 11, RX 21, at 1; thus, this court finds that

Turner phrased his claim "in terms sufficiently particular to allege a denial of a specific constitutional right." See generally Haines, 404 U.S. at 520 (allegations of pro se litigant generally held to less stringent standards than pleadings drafted by lawyers). The court finds that the first ground was fairly presented to the state courts as a federal (as well as state law) claim. Thus the court turns to the merits of the claim.

An alleged violation of a state speedy trial law is not remediable through a federal habeas corpus petition. Norris v. Schotten, 146 F.3d 314, 328 (6th Cir.), cert. denied, 525 U.S. 935 (1998); Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994), cert. denied, 514 U.S. 1024 (1995); Massenburg v. Pitcher, No. 00-10503, 2003 WL 88118, at * 8 (E.D. Mich. Jan. 10, 2003) (citing Norris). Such a claim arises under state law and is not cognizable on federal habeas review. Massenburg, 2003 WL 88118, at * 8 (citing Lewis, 497 U.S. at 780). To the extent that the claim relies on a violation of the Ohio speedy-trial statutes, it should not be granted.

Rather, Turner must establish that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the U.S. Supreme Court. Danks v. Davis, 355 F.3d 1005, 1008 (7th Cir.), cert. denied, 542 U.S. 943 (2004); Wilson v. Mitchell, No. 02-3834, 2003 WL 1194257, at *2 (6th Cir. Mar. 7, 2003); Poe, 39 F.3d at 207; Massenburg, 2003 WL 88118, at * 8. The court's consideration of a claim that Ohio has violated its speedy trial rules is limited to a determination of whether the state's action has violated

the petitioner's Sixth Amendment right to a speedy trial. Poe, 39 F.3d at 207; Massenburg, 2003 WL 88118, at * 8.

The Sixth Amendment to the U.S. Constitution guarantees the accused a speedy trial in all criminal prosecutions. The right to a speedy trial is "fundamental," and is imposed on the states by the Due Process Clause of the Fourteenth Amendment. Barker v. Wingo, 407 U.S. 514, 515 (1972). The Supreme Court said that the states "are free to prescribe a reasonable period consistent with constitutional standards." Id. at 523.

The Barker Court set out four criteria by which an alleged violation of the constitutional right to a speedy trial is to be judged: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant. Barker, 407 U.S. at 530; Norris, 146 F.3d at 326. None of the four factors is either necessary or sufficient to finding a deprivation of the right to a speedy trial, but must be balanced with other relevant circumstances. Id. at 533.

In a subsequent decision, Doggett v. United States, the balance was described as "whether [the] delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." Doggett v. United States, 505 U.S. 647, 651 (1992).

The Ohio Court of Appeals did not explicitly undertake the four-part analysis set forth in Barker. Where a state court decides a constitutional issue without extended discussion, the federal habeas court should focus on the result of the state court's decision, applying the correct standard in its analysis. Harris v. Stovall, 212 F.3d 940, 943 n.1 (6th Cir. 2000), cert. denied, 532 U.S. 947 (2001).

The Barker Court noted that the first factor is "a triggering mechanism," instructing that "[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." Barker, 407 U.S. at 530; Maples v. Stegall, 427 F.3d 1020, 1025 (6th Cir. 2005); Norris, 146 F.3d at 326. Thus, the first inquiry is "whether there was a presumptively prejudicial delay" to warrant further investigation of the Barker factors. Norris, 146 F.3d at 326-327.

The length of the delay is measured from the date of the indictment or the date of the arrest, whichever is earlier. Maples, 427 F.3d at 1026 (citing United States v. Marion, 404 U.S. 307, 320 (1971)); Redd v. Sowders, 809 F.2d 1266, 1269 (6th Cir. 1987); United States v. Roberts, 548 F.2d 665, 667 (6th Cir.), cert. denied, 431 U.S. 920 (1977) (citing Dillingham v. United States, 423 U.S. 64 (1975) (per curiam)).

A delay approaching one year may be considered presumptively prejudicial, depending on the nature and seriousness of the charges. Doggett, 505 U.S. at 652 n.1; Maples, 427 F.3d at 1026; Norris, 146 F.3d at 327. A delay of under six months

is not considered presumptively prejudicial. Wilson, 2003 WL 1194257, at *2 (124 days not presumptively prejudicial); United States v. White, 985 F.2d 271, 275 (6th Cir. 1993) (6 1/2 months); United States v. Holyfield, 802 F.2d 846, 848 (6th Cir. 1986), cert. denied, 479 U.S. 1090 (1987) (5 months). See also Hogan v. McBride, 74 F.3d 144, 145 (7th Cir. 1996) (8 months not presumptively prejudicial).

Turner was arrested on Aug. 6, 2010, and indicted on Sept. 24, 2010. (Doc. 11, RX 19, at 7; Turner, 2011 WL 3841925, at *3; doc. 11, RX 3 (indictment).) He was brought to trial on Nov. 2, 2010, which was 88 days after his arrest. (Doc. 11, RX 19, at 7; Turner, 2011 WL 3841925, at *3.)

The state court found no speedy trial violation under state law. (Doc. 11, RX 19, at 7; Turner, 2011 WL 3841925, at *3.) This court finds no constitutional violation in the delay of 88 days between Turner's arrest and the commencement of his trial. See, e.g., Wilson, 2003 WL 1194257, at *2 (124 days not presumptively prejudicial); White, 985 F.2d at 275. Because there is no delay which is uncommonly long or presumptively prejudicial, there is no necessity for inquiry into the other speedy-trial factors. Barker, 407 U.S. at 530; Maples, 427 F.3d at 1025-1026. This court finds no constitutional speedy trial violation, and the petition should not be granted on the basis of the first ground. Turner has failed to establish that the state court decision was contrary to clearly established federal law, as determined by the U.S. Supreme Court.

2. Ground Four

The respondent contends that the fourth ground was not presented to the state courts at all. (Doc. 11, at 10, 11.) In his Traverse, Turner appears to contend that the alleged state court errors he argues in the first three grounds are the basis for this fourth ground, entitled "Void Judgment grand miscarriage of constitutional justice." The court notes that, under Sixth Circuit precedent, claims of cumulative error are not cognizable in a habeas proceeding. See, e.g., Hoffner v. Bradshaw, 622 F.3d 487, 513 (6th Cir. 2010) (citing Moore v. Parker, 425 F.3d 250, 256 (6th Cir. 2005), cert. denied, 549 U.S. 1027 (2006)); Rafferty v. Hudson, No. 5:08CV1973, 2009 WL 2151832, at *8 (N.D. Ohio July 14, 2009).

In any event, however this claim is characterized, the record reflects that Turner failed to properly exhaust the claim by raising it on direct appeal. See doc. 11, RX 15. Because the claim was not raised in the state court of appeals, it is barred by the Ohio rule of res judicata. Lott v. Coyle, 261 F.3d 594, 611-612 (6th Cir. 2001), cert. denied, 534 U.S. 1147 (2002); Rust, 17 F.3d at 160-161; State v. Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996) (syllabus); State v. Perry, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967) (syllabus, ¶9). Res judicata would bar Turner from litigating any issues which could have been raised on direct appeal, but were not. Perry, 10 Ohio St.2d at 180, 226 N.E.2d at 108.

Turner has failed to properly exhaust his claim by giving the state high court a full and fair opportunity to rule on his constitutional claim. Rust, 17 F.3d at 160,

(citing Manning, 912 F.2d at 881). Turner cannot return to state court to exhaust the claims because the Ohio Supreme Court has ruled that arguments that could have been raised in an initial appeal (and were not) will be barred from consideration on appeal following remand, under the doctrine of res judicata. State v. Hutton, 100 Ohio St.3d 176, 182, 797 N.E.2d 948, 956 (2003); State v. Gillard, 78 Ohio St.3d 548, 549, 679 N.E.2d 276 (1997), cert. denied, 523 U.S. 1108 (1998). See generally Leroy v. Marshall, 757 F.2d 94, 99 (6th Cir.), cert. denied, 474 U.S. 831 (1985); Adams, 484 F.Supp.2d at 769 (Supreme Court of Ohio will not consider constitutional question not properly raised in lower courts).

"If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." Williams, 460 F.3d at 806 (citing Engle v. Isaac, 456 U.S. 107, 125 n.28 (1982)). Where state court remedies are no longer available to the petitioner, procedural default and not exhaustion bars habeas review. Id. Where the petitioner fails to demonstrate cause and prejudice to excuse the default, the claim is barred. Id. at 807. Turner has made no showing of cause and prejudice. See generally doc. 13.

The petition should not be granted on the basis of the fourth ground because it has been procedurally defaulted.

IV.  ISSUES OF STATE LAW

The respondent contends that all four grounds present issues of state law, and are not cognizable for federal habeas relief.  (Doc. 11, at 7.)  The court has already addressed the first and fourth grounds.

A.  Legal Holiday

The second ground of the petition is that Turner's trial was held on a legal holiday (election day), while the court was allegedly closed to the public, thus his conviction violated the Sixth Amendment.

The state court of appeals recognized that the first Tuesday of November, between the hours of twelve noon and 5:30, was a state legal holiday under Ohio Rev. Code § 5.20.  However, the court found no state law requiring public agencies to cease operations during that time, and found that it was within the court's discretion to conduct its business on that day.  (Doc. 11, RX 19, at 8-9; Turner, 2011 WL 3841925, at *3-*4, citing Norman v. State, 109 Ohio St. 213, 227, 142 N.E. 234, 238 (1924); Powell v. New York Cent. R.R. Corp., 174 N.E.2d 556, 557 (Ohio Ct. App. 1960) (per curiam).)  Further, the court found that Turner failed to demonstrate any irregularities in his trial.  The court overruled his assignment of error.  (Doc. 11, RX 19, at 9; Turner, 2011 WL 3841925, at *4.)

As noted earlier, the question before this court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court.  Habeas relief is not

16

available for a claimed violation of state law, thus any alleged violation of the Ohio statute is not properly before this court. *Lewis*, 497 U.S. at 780.

The Sixth Amendment provides for "public" trials. See, e.g., Waller v. Georgia, 467 U.S. 39, 44-46 (1984). "In addition to ensuring that judge and prosecutor carry out their duties responsibly, a public trial encourages witnesses to come forward and discourages perjury." Waller, 467 U.S. at 46. Respondent contends that there is nothing in the facts or transcript to suggest that Turner's trial was not a public trial. The trial court's judgment entry of conviction indicates that the trial was held, and the jury's verdict returned, in open court. (Doc. 11, RX 12, at 1; see also RX 11, jury verdict forms signed Nov. 2, 2010.) Turner does not present any evidence that his trial was closed to the public, other than to imply that the courthouse must have been closed because election day was a (partial) state holiday. See generally doc. 13, at 6-7, 12, 16.

To the extent that Turner argues that his trial was held on a holiday in violation of state law, that is not an issue which is properly before this federal habeas court. As to a possible Sixth Amendment argument, Turner has failed to demonstrate that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. The petition should not be granted on the basis of the second ground.

B. Seal and Endorsement on Arrest Warrant and Complaint

The third ground of the petition is that the arrest warrant and complaint were fatally flawed because they lacked a state seal and endorsement, in violation of the 4th, 5th, 6th & 14th Amendments. Attached to the petition, Turner's "Statement of Material Facts," states (verbatim) that, on June 4, 2009:

> Officer John Buttler of the Allen County Sheriff's Office filed the Arrest Warrant & Complaint, that lacked a Jurat Oath, not endorsed with a State Seal or Attested to by a Notary Public. These Blank Peices of papper with No Legal Affect were filed in the Lima Municapal Court in Case No. 09 CRA 01716.

(Doc. 1, at [17].)

The state court of appeals noted that:

Turner was not convicted or prosecuted upon the allegedly defective complaint presented to the Lima Municipal Court. Rather, Turner was tried upon the indictment. Where the accused is initially charged via a complaint, but is subsequently indicted by the grand jury, the accused is tried upon the indictment not the complaint.

(Doc. 11, RX 19, at 11; Turner, 2011 WL 3841925, at *4.) The court found that, since he was tried and convicted on the indictment, any alleged defects with the complaint were irrelevant to his conviction. Id. The respondent contends that the third ground simply contests an alleged state procedural error. (Doc. 11, at 9.) Turner does not allege that the indictment itself was unconstitutionally insufficient.

To the extent that Turner argues that arrest warrant and complaint were not in conformity with state procedural rules, that is not an issue which is properly before this federal habeas court. Although Turner argues that this alleged

18

irregularity violates several constitutional amendments, the court is unable to discern such a violation, and Turner has failed to demonstrate that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. The petition should not be granted on the basis of the third ground.

SUMMARY

The petition for a writ of habeas corpus should be denied.

VI. RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be denied.

Dated:   Dec. 23, 2013                    /s/ Kenneth S. McHargh
                                          Kenneth S. McHargh
                                          United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).