IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

David L. Turner,

                Petitioner,                Case No. 3:12 CV 863

   -vs-

                                   MEMORANDUM OPINION
                                   AND ORDER

Ed Sheldon, Warden,

                Respondent.

     David L. Turner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to Magistrate Judge Kenneth S. McHargh for findings of fact, conclusions of law, and recommendations. The Magistrate Judge issued a report recommending that I deny the petition. This matter is before me pursuant to Turner's timely objections to the Magistrate Judge's report.

     In accordance with *United States v. Curtis*, 237 F.3d 598, 602–03 (6th Cir. 2001), I have made a de novo determination of the Magistrate Judge's report. For the reasons stated below, I adopt the report and dismiss Turner's petition for a writ of habeas corpus. *See* 28 U.S.C. § 636(b)(1).

## I. STATE PROCEDURAL HISTORY

The Ohio Court of Appeals summarized Turner's case as follows:

> Defendant–Appellant, David Turner, appeals from the judgment of the Court of Common Pleas of Allen County sentencing him to a twenty-year prison term. On appeal, Turner contends that his statutory right to a speedy trial was violated; that holding his jury trial on November 2, 2010, a legal holiday, rendered the trial null and void; and, that the criminal complaint was not properly endorsed with a state seal or attested to by a notary. Based on the following, we affirm the judgment of the trial court.

On June 4, 2009, Officer John Butler filed a criminal complaint in the Lima Municipal Court against Turner for an armed robbery of a local convenience store that occurred on June 3, 2009. (Docket Entry No. 1). On June 4, 2010, Officer W.S. Patterson received an arrest warrant for Turner. (Docket Entry No. 2). Turner was arrested by Officer Patterson on August 6, 2010. *Id.*

In September 2010, the Allen County Grand Jury indicted Turner on Count One: aggravated robbery in violation of R.C. 2911.01(A)(1), with a firearm specification as listed in R.C. 2941.145(A), and with a specification that he is a repeat offender, as defined in R.C. 2929.01(CC) and as listed in R.C. 2941.149(A), a felony of the first degree; Count Two: abduction in violation of R.C. 2905.02(A)(2), a felony of the third degree; and, Count Three: having a weapon while under disability in violation of R.C. 2923.13(A)(2), a felony of the third degree.

On November 1, 2010, Turner filed a motion to dismiss the indictment based on his statutory right to a speedy trial. Turner maintained that he was arrested on August 3, 2010. Turner argued that the scheduled trial date of November 2, 2010 fell outside the two hundred seventy day period provided in R.C. 2945.71(C)(2), and that pursuant to R.C. 2945.73(B) he should be discharged. That same day, the trial court filed its judgment entry denying Turner's motion to dismiss on three alternate grounds. First, the trial court found that Turner was arrested on August 6, 2010, a fact which placed the November 2, 2010 trial date within the two hundred seventy day period provided in R.C. 2945.71(C)(2). Second, the trial court found that had Turner been arrested on August 3, 2010, the November 2, 2010 trial date still fell within the two hundred seventy day period provided in R.C. 2945.71(C)(2). Last, the trial court found that even if the November 2, 2010 trial date fell outside the two hundred seventy day period provided in R.C. 2945.71(C)(2), the statutory time period had been extended by virtue of Turner's requests for discovery and a bill of particulars as well as his motion for a bifurcated trial.

On November 2, 2010, the matter proceeded to a jury trial. The jury returned verdicts of guilty on all counts in the indictment.

On December 13, 2010, the matter proceeded to sentencing. The trial court sentenced Turner to a ten-year prison term on Count One, a five-year prison term on Count Two, and a five-year prison term on Count Three. The trial court ordered Counts One, Two, and Three to be served consecutively for a total prison term of twenty years. The trial court further ordered Turner to pay $2,500.00 in restitution to Christopher Nutt, the victim of the armed robbery.

*State v. Turner*, No. 1-11-01, 2011 WL 3841925, at *1 (Ohio Ct. App. Aug. 29, 2011).

On appeal to the Ohio Court of Appeals, Turner argued: 1) the trial court erred in denying his motion to dismiss based on the ground that his speedy trial right under Ohio Rev. Code § 2945.71 had been violated; 2) his right to a fair trial under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and comparable provisions of the Ohio

2

Constitution, was violated when his trial was conducted on November 2, 2010, a legal holiday in the State of Ohio; and 3) the arrest warrant and complaint were not endorsed with the state seal or attested by a notary. *Id.* at *2. The Ohio Court of Appeals subsequently affirmed Turner's convictions. *Id.* at *5.

Turner then sought leave to appeal with the Supreme Court of Ohio. In his request to file an appeal, Turner again raised the three issues he presented to the Ohio Court of Appeals. The Supreme Court of Ohio declined to accept Turner's motion for review. *State v. Turner*, 959 N.E.2d 1056 (Ohio 2012) (table).

Turner then filed his petition for a writ of habeas corpus with this Court. (Doc. No. 1). In his petition, Turner argues: 1) the trial court erred by denying his motion to dismiss for violating his speedy trial rights under the Sixth and Fourteenth Amendments to the United States Constitution; 2) because the trial was held on a legal holiday, it was not a "public trial" as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution; 3) the arrest warrant and complaint were flawed because they lacked a state seal and endorsement in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and 4) the judgment is void due to a miscarriage of justice in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

## II. STANDARD OF REVIEW

Last month the Supreme Court of the United States reemphasized the standard federal courts must use regarding petitions for writs of habeas corpus:

> Section 2254(d) of Title 28 provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States." "This standard," we recently reminded the Sixth Circuit, "is 'difficult to meet.'" *Metrish v. Lancaster*, 569 U.S. ——, —— (2013) (slip op., at 4–5). "'[C]learly established Federal law'" for purposes of § 2254(d)(1) includes only "'the holdings, as opposed to the dicta, of this Court's decisions.'" *Howes v. Fields*, 565 U.S. ——, —— (2012) (slip op., at 4) (quoting *Williams v. Taylor*, 529 U.S. 362, 412, 120 S. Ct. 1495, 146 L. Ed.2d 389 (2000)). And an "unreasonable application of" those holdings must be "'objectively unreasonable,'" not merely wrong; even "clear error" will not suffice. *Lockyer v. Andrade*, 538 U.S. 63, 75–76, 123 S. Ct. 1166, 155 L. Ed.2d 144 (2003). Rather, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. ——, —— (2011) (slip op., at 13).

*White v. Woodall*, No. 12-749, 2014 WL 1612424, at *4 (U.S. Apr. 23, 2014).

### III. PROCEDURAL DEFAULT

The Magistrate Judge found grounds one and four of Turner's petition to be procedurally defaulted. I agree.

As the United States Court of Appeals for the Sixth Circuit stated in *Henderson v. Palmer*, 730 F.3d 554, 560 (6th Cir. 2013):

> we do not consider claims that were deemed procedurally defaulted on "an independent and adequate state procedural rule . . . unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Jalowiec v. Bradshaw*, 657 F.3d 293, 302 (6th Cir. 2011), *cert. denied*, —— U.S. ——, 133 S. Ct. 107, 184 L. Ed.2d 49 (2012), (quoting *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed.2d 640 (1991)). As stated above, in the Sixth Circuit, "[a] habeas petitioner's claim will be deemed procedurally defaulted if each of the following four factors is met: (1) the petitioner failed to comply with a state procedural rule; (2) the state courts enforced the rule; (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and (4) the petitioner has not shown cause and prejudice excusing the default." *Id*. To determine whether a state procedural rule was applied to bar a habeas claim, we look "to the last reasoned state court-decision disposing of the claim." *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010) (en banc).

4

The record establishes grounds one and four in Turner's habeas corpus petition were not presented to the state courts of Ohio. Although Turner's speedy trial argument was presented to Ohio's state courts, the argument was based on a violation of state law, not federal law. As for the miscarriage of justice argument, this ground was never presented to the Ohio Court of Appeals. Because these claims were not presented in his appeals to the Ohio Court of Appeals and the Supreme Court of Ohio, the claims are now procedurally defaulted for purposes of federal habeas corpus review. The Ohio courts to which Turner would be required to exhaust these claims would find them procedurally barred, *see Williams v. Bagley*, 380 F.3d 932, 966–67 (6th Cir. 2004) (holding that an unexhausted claim was procedurally defaulted in habeas review because it would be procedurally barred under Ohio doctrine of res judicata); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) ("Under Ohio law, the failure to raise on appeal a claim that appears on the face of the record constitutes a procedural default under the State's doctrine of res judicata."), and Turner has not made any showing to excuse the default. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

I further note, for Turner's benefit, that because the speedy trial claim was presented as an alleged violation of Ohio law, the claim is not cognizable for federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68 & n.2 (1991). Therefore, even if Turner had presented his speedy trial claim as a state court violation in his habeas corpus petition, he would not have been entitled to habeas relief. *Id.*

In addition, had Turner presented his speedy trial argument as a federal claim in the state courts of Ohio, he still would not have established a federal constitutional violation. Turner was arrested on August 6, 2010, indicted on September 24, 2010, and tried on November 2, 2010. This meant Turner was tried only eighty-eight days after his arrest. This period does not establish a speedy trial violation. *See Wilson v. Mitchell*, 61 F. App'x 944, 946 (6th Cir. 2003) (finding a 124-day

5

period between an arrest and trial was not a speedy trial violation). Thus, Turner's argument, even if properly presented to the state courts of Ohio, would have been without merit.

## IV. REMAINING CLAIMS

Turner's second ground for relief is that his trial was held on a legal holiday, thus violating his Sixth Amendment right to a public trial. The Ohio Court of Appeals explained the first Tuesday of November, between twelve noon and 5:30 p.m., is a state holiday in Ohio. *Turner*, 2011 WL 3841925, at *3. Further, the court of appeals found the trial commenced at 8:47 a.m. on November 2, 2010, and finished at 4:38 p.m. Thus, the trial continued into the period designated by state law to be a legal holiday. *See* Ohio Rev. Code § 5.20. The court of appeals stated it was within the trial court's discretion to hold the trial on November 2, 2010. *Turner*, 2011 WL 3841925, at *4. The court found nothing in the record to suggest the trial proceeded in an inappropriate or irregular manner. *Id.* The court held because Turner failed to demonstrate any irregularity in his trial, the trial court did not abuse its discretion in holding the trial on November 2, 2010. *Id.*

Violations of state law are not cognizable for federal habeas corpus relief. *Estelle*, 502 U.S. at 67–68 & n.2. To the extent Turner feels his rights under Ohio law were violated because his trial was held on a state holiday, he is not entitled to federal habeas corpus relief.

Turner also presents the claim as a Sixth Amendment argument. The argument fails to establish a federal constitutional violation. Turner does have a right to a public trial. *Waller v. Georgia*, 467 U.S. 39, 44–46 (1984). The Supreme Court has explained, however, federal courts are limited in their review of state court decisions. Habeas corpus relief may only be granted if the state court decision is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by" the Supreme Court. *White*, 2014 WL 1612424, at *4 (quoting 28 U.S.C. § 2254(d)). Further, "clearly established Federal law" includes only the holdings of the Supreme

6

Court's decisions. *White*, 2014 WL 1612424, at *4. There is nothing in the record indicating the trial was not public. Further, the decision of the Ohio Court of Appeals on this issue is not contrary to any holding by the Supreme Court. *Id.* Therefore, Turner is not entitled to habeas corpus relief on this issue.

The last issue is Turner's contention that the arrest warrant and complaint were flawed because they lacked a state seal and endorsement in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. The Ohio Court of Appeals rejected the argument finding any alleged defect in the complaint was irrelevant because Turner was charged and convicted pursuant to an indictment. *Turner*, 2011 WL 3841925, at *4–5. To the extent Turner's argument can be liberally construed as alleging a violation of state law, he fails to establish a cognizable claim for federal habeas corpus relief. *Estelle*, 502 U.S. at 67–68 & n.2.

As for his argument regarding violations of the United States Constitution, *White* establishes Turner is not entitled to relief. The Ohio Court of Appeals found the allegedly defective complaint was irrelevant because Turner was prosecuted pursuant to an indictment. This conclusion is not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by" the Supreme Court. *White*, 2014 WL 1612424, at *4 (quoting 28 U.S.C. § 2254(d)). Because the decision of the Ohio Court of Appeals does not meet this standard, Turner is not entitled to habeas corpus relief. *White*, 2014 WL 1612424, at *4.

## V. CERTIFICATE OF APPEALABILITY

A habeas corpus petitioner is not entitled to a certificate of appealability as a matter of right, but must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner need not demonstrate he should prevail on the merits. Instead, he must "demonstrate that the issues are debatable among jurists of reason", or the issues deserve

"encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 892-93 & n.4 (1983). Turner's habeas corpus petition does not meet this standard based on the reasons stated in this order. Therefore, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

## VI.  CONCLUSION

Accordingly, the Magistrate Judge's report and recommendation is adopted and the petition for a writ of habeas corpus is dismissed.

So Ordered.

s/ *Jeffrey J. Helmick*<br>
United States District Judge